O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE TALOS,<br><br>    Petitioner,<br><br>v.<br><br>M. ELIOT SPEARMAN, Warden,<br><br>    Respondent. | Case No. 2:18-cv-00213-CAS-KES<br><br>ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF JURISDICTION |

In January 2018, Willie Talos ("Petitioner") filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) The Petition is the third habeas corpus petition that Petitioner has filed in this Court challenging his 1995 state court convictions for first degree murder and robbery.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" For the reasons set forth below, the Petition must be dismissed without prejudice as a

second or successive petition pursuant to 28 U.S.C. § 2244(b).

# I.

# BACKGROUND[1]

**A.    State Court Proceedings.**

In May 1995, following a jury trial, Petitioner was convicted of first degree murder and robbery in the Los Angeles County Superior Court, case no. BA072495. He was sentenced to life in prison. Petitioner appealed, and the California Court of Appeals affirmed his conviction and sentence on November 7, 1996 in case no. B095049. Petitioner filed a petition for review in the California Supreme Court, which was denied on February 19, 1997 in case no. S057934.

On December 29, 1997, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court in case no. S066811. That petition was denied on April 29, 1998.

**B.    Prior Federal Habeas Petitions.**

On May 3, 1999, Petitioner filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254. See Talos v. Larson, 2:99-cv-04770-CAS-JWJ (C.D. Cal. Aug. 21, 2000), Dkt. 32 (report and recommendation ["R&R"]). That petition set forth three grounds for relief: (1) Petitioner was denied due process because the trial court failed to give California standard jury instruction nos. 2.01 or 2.02 regarding circumstantial evidence of Petitioner's intent; (2) Petitioner was denied due process because the trial court failed to give California standard jury instruction no. 8.83.1 regarding sufficiency of circumstantial evidence of Petitioner's intent; and (3) appellate counsel was ineffective for failing to raise the trial court's omission of instruction no. 2.02 and failing to give Petitioner the trial transcripts after appellate

---

[1] The Court takes judicial notice of its own records and of the records of the California courts. See Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

counsel stopped representing Petitioner, forcing Petitioner to pursue post-conviction relief on an inadequate record. Id., Dkt. 32 at 3. Respondent moved to dismiss the petition as untimely. Id. The Court granted the motion and dismissed the petition as untimely on October 31, 2000. Id., Dkt. 32 at 15 (R&R recommending the petition be dismissed as untimely); Id., Dkt. 37, 38 (order adopting R&R and judgment).

On January 29, 2001, Petitioner filed a second petition in this Court under 28 U.S.C. § 2254. See Talos v. Larson, 2:01-cv-00848-ABC-JWJ (C.D. Cal. Feb. 7, 2001), Dkt. 3 (memorandum order). This second petition argued that: (1) Petitioner was "actually innocent" of first degree murder and robbery; and (2) Petitioner's appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting Petitioner's convictions on direct appeal. Id., Dkt. 3 at 3. The Court screened the petition and concluded that it was an unauthorized second or successive petition barred by 28 U.S.C. § 2244(b). Id., Dkt. 3 at 4-6. The Court also found that Petitioner had not shown that the facts underlying his claim of "actual innocence" could not have been discovered previously, and he had not presented any "new reliable evidence" that was not presented at trial. Id., Dkt. 3 at 5.

## II.
## DISCUSSION

The instant Petition raises four claims for relief: (1) "judicial bias" because the trial court "failed to address" a note from the jury that stated, "We don't think [Petitioner] intended to kill the victim"; (2) "prosecutorial misconduct" because, as demonstrated by the jury's note, the prosecutor "failed to prove the elements to convict on 1st deg[ree] murder"; (3) Petitioner's trial counsel Louis H. Bernstein was ineffective because he "ignored" the jury's note; (4) Bernstein was not "conflict free" because he has "a lengthy history of state bar disciplinary charges in both civil and criminal case representation including the crime of representing this

defendant, conduct resulting in being disbarred for legal negligence on these violations."² (Petition at 4-5.)

The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides in pertinent part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

² Records from the California State Bar indicate that Louis Harold Bernstein was disbarred on October 24, 1997. See The State Bar of California, Attorney Search, http://members.calbar.ca.gov/fal/Member/Detail/35840. The publicly available description of Bernstein's misconduct, which omits client names, includes one matter that could refer to Petitioner: "Bernstein was employed by a man to represent his son in a criminal matter, paying him $7,500 for anticipated services and $650 for a court reporter's transcripts. Bernstein did not complete legal services and did not return unearned fees, despite several demands from the boy's father." Id.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b) (emphasis added).

The Petition constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b) because it challenges the same conviction as Petitioner's two prior habeas petitions. Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit Court of Appeals authorizing this Court to consider his new claims prior to the filing of the instant Petition. Petitioner's failure to secure an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (vacating district court's order dismissing habeas petition and denying certificate of appealability because, once the district court determined the petition was "second or successive" under § 2244(b), "it lacked jurisdiction to consider the merits of his petition"), cert. denied, 538 U.S. 984 (2003).

Ninth Circuit Local Rule 22-3(a) provides, "If an unauthorized second or successive section 2254 petition … is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals." The Court finds it more efficient in this case to dismiss the Petition rather than refer it to the Ninth Circuit, because Petitioner has not attempted to meet the standard set forth in § 2244(b)(2) for filing a second or successive petition (i.e., he does not attempt to invoke a new rule of constitutional law or point to new facts that could not have been discovered previously through the exercise of due diligence).

IT IS THEREFORE ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This dismissal is without prejudice to Petitioner filing an application seeking authorization to file a second or successive § 2254 petition in

the Ninth Circuit Court of Appeals.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 30, 2018

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge